**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**LAFEYETTE DIVISION**

| | |
|---|---|
| **ANA YINET GARCIA DE MOGOLLON** | **CIVIL ACTION NO. 26-3119-P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SOUTH LOUISIANA ICE PROCESSING CENTER** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

## STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Ana Yinet Garcia de Mogollon ("Petitioner"), pursuant to 28 U.S.C. §2241. This petition was received and filed in this court on August 18, 2026. Petitioner, an immigration detainee, was detained at the South Louisiana ICE Processing Center in Basile, Louisiana, when she filed this petition.

On August 19, 2026, the Court sent Petitioner a Memorandum Order to amend her pleadings (Doc. 5). However, that Memorandum Order was returned to this court on September 1, 2026, by the United States Postal Service marked "RETURN TO SENDER-DETAINEE NOT FOUND." Two Standing Orders

from the Court were also returned by the United States Postal Service marked "RETURN TO SENDER-DETAINEE NOT FOUND." To date, Petitioner has not informed this court of her new address.

All parties have the responsibility of promptly reporting to the Court and to all other parties any change in the mailing address. Failure to do so shall be considered cause for dismissal for failure to prosecute. See LR 41.3D.

Accordingly;

**IT IS RECOMMENDED** that this petition be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the court and under the Court's inherent power to control its own docket. See Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Company, 669 F.2d 317, 320-321 (5th Cir. 1982).

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being

served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers on this 14TH day of October 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE